Please call for oral argument as people v. Hopkins. Counselor? My name is Norma Miner, and I'm representing the defendant, Stephen Hopkins. You'll have to speak up, because we're recording. I do have a very low voice. Can we pull it maybe closer to you, the microphone? I'll try. Thank you. I'm here on the issue of reasonable doubt. I looked up Black's Law Dictionary definition. It says reasonable doubt, which will justify equivalent, is doubt based on reason and arising from evidence or lack of evidence. My position is, in this case, was a lack of evidence and the nature and the circumstances of the evidence. This is a 14-year-old girl. This is her grandmother's husband. She went to their house every Friday, spent the weekend, for him to help her with her homework. She alleges that he did something and touched her breasts in April of 2015. The last time she was at the home was March the 20th, Friday, March the 20th, 2015. She says this took place at his home. The evidence consisted of an officer, Wilkie, a Benton police officer, who took Mr. Hopkins to the police station at 1 o'clock in the morning to interrogate him. Officer Wilkie kept repeating over and over what he believed happened, not what he knew happened, but in his personal opinion, what he believed. And no matter what Mr. Hopkins stated, he ignored him. He said he thought he did it for sexual arousal. Mr. Hopkins tried to tell him he had Peyronie's disease. He wouldn't do anything for sexual arousal in that. He ignored that, too. Then he took Mr. Hopkins' wife to the police station at 1.30 in the morning, after she'd had major surgery and was on extreme medication. And he had her do a written statement. Mrs. Hopkins testified. She didn't even remember writing the statement, but the statement was introduced into evidence. She said when she did read the statement, it dawned on her this was some sexual abuse that had occurred to this child's mother many years back. It had nothing to do with this 14-year-old. E.H. is the 14-year-old. She's a very precocious 14-year-old, and she was very angry with the defendant because he cut off her cell phone. She didn't give him her bill that she should have, and he was a fanatic of getting bills paid on time. When she didn't do what he had tried to get her to do, he cut her phone off. This is almost a good three weeks after the last time she was in his home that she made this allegation of him touching her. The night she was at the home, the grandmother and her and Mr. Hopkins were the only ones there. The grandmother kept going in and out of the room, taking pictures of him. Never one time did she ever say anything to her grandmother. He touched her. Her homework that they were working with had to do with the right of a woman to say no. When he was trying to teach her how important that was, that any woman had a right to tell, if any man asked her to pull her brows down or whatever, to say no. She immediately pulled her brows down. He said, you're missing the whole point. You're missing the whole lesson. Get your brows up. This is the time she says that he touched her breast. This child, what concerns me the most, is how easily an angry teenager or an angry kid can destroy a man's life. She was very upset with him about the cell phone. Even though, she says, this happened at his home, happened sometime in April, she went with him and her grandmother to Topeka, Tennessee to visit family there. Had him to go in the store with her to buy her some tampons. Never one time did she ever say anything to anyone about that. Not until she lost her cell phone. That's when she made her complaint. When she was on the witness stand and she was asked, because they said he bonded her breast. When she was asked, how long will you touch her breast?